IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DEMARCUS BELL, #1252593 | § | |
| VS. | § | CIVIL ACTION NO. 6:07cv415 |
| SUN A. BERG, ET AL. | § | |

MEMORANDUM OPINION AND
ORDER OF PARTIAL DISMISSAL

Plaintiff Demarcus Bell, a prisoner confined at the Beto Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was referred to the undersigned by consent of the parties pursuant to 28 U.S.C. § 636(c).

Facts of the Case

The original complaint was filed on August 28, 2007. The Plaintiff complained about a fall while going down a flight stairs on March 16, 2006. He noted that prison officials should not have required him to use the stairs since his right leg had been amputated just below the knee. On November 5, 2007, the Court conducted an evidentiary hearing, in accordance with *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to consider the Plaintiff's claims. The hearing was conducted "to dig beneath the conclusional allegations; to reduce the level of abstraction upon which the claims rest; to ascertain exactly what scenario the prisoner claims occurred, as well as the legal basis for the claim." *Id.* at 180. The hearing is "in the nature of a motion for more definite statement." *Id.* at 180-181. The Plaintiff testified as to the factual basis of his claims. Regional

Grievance Coordinator Chip Satterwhite, Assistant Warden Wesley Pratt and Nurse Barbara Hughes were present during the hearing in the event the Court wanted testimony about information contained in the Plaintiff's records, including his medical records.

The Plaintiff testified that he was moved from a bottom level row of cells to a third row of cells on March 15, 2006. He complained to the guards that were moving him that he should not be required to go up stairs because of his leg, but he was told that he would either go up the stairs or receive a disciplinary case. On the following day, March 16, 2007, he fell coming down the stairs. The Plaintiff testified that he fell about one-half flight of stairs. His amputated leg and lower back were injured during the fall. Nurse Charles Johnson came on the scene to examine him. The Plaintiff was transported to the infirmary on a stretcher. After the examination, he was taken back to his housing area in a wheel chair. The Plaintiff complained that Nurse Johnson did not document the incident and did not conduct any tests, such as x-rays. Instead, Nurse Johnson did nothing more than have transported to the infirmary, touch his lower back and then tell he would be alright. The Plaintiff testified that he started submitting medical requests and was seen by Dr. Thompson fourteen days later. Dr. Thompson told him that he possibly had nerve damage. Ibuprofen was prescribed, which was later changed to Naproxen and then back to Ibuprofen.

The Plaintiff has sued three categories of people. He initially sued the members of the Unit Classification Committee ("UCC") that made the housing assignment to the third row. He next sued the officers that actually forced him to move even though it was obvious that he should not be moved to a third row due to his amputated leg. The officers were Captain Nemier Herod, Officer Felipe Martinez and Officer Sherry Dickens. He finally sued Nurse Charles Johnson due to the lack of medical care provided after the fall.

Nurse Barbara Hughes testified under oath from the Plaintiff's medical records. She testified that the records do not contain anything regarding the fall on March 16, 2006. The Plaintiff was seen on March 30, 2006. He was diagnosed as having an acute back strain and nerve irritation. An order was issued for him to be housed on the bottom row. He was also prescribed Ibuprofen. Nurse Hughes testified that the medical restrictions did not include a provision for bottom row housing only on the day he was moved on March 15, 2006. The restriction was added on March 16, 2006. Nurse Hughes added that she could not say why he was assigned to a third row.

The Plaintiff gave the Court permission to review his medical records. The medical restrictions in effect on March 15, 2006, did not include a provision for ground floor only housing. The restriction was not added until March 16, 2006. Nurse Buchannan added the low row and low bunk restriction at 11:55 a.m. on March 16, 2006. The first medical entry after the fall was typed in at 9:44 a.m. on March 30, 2006. Nurse Kale discussed the injuries from the fall that were reported to her and referred him to a medical provider. A few minutes later, Nurse Kale wrote that Dr. Thompson had prescribed Darvacet. At 10:26 a.m., Dr. Thompson documented the Plaintiff's acute back sprain with some signs of nerve irritation, which was described as sciatica. He made an entry for the Plaintiff to be permanently assigned to a low row. Dr. Thompson prescribed Ibuprofen. He also ordered x-rays. X-rays conducted on March 31, 2006, revealed no recent fracture or acute bone pathology identified in the lumbar region. X-rays of the thoracic spine on June 30, 2006, were normal.

## Discussion and Analysis

Deliberate indifference to a prisoner's serious medical needs constitutes an Eighth Amendment violation and states a cause of action under 42 U.S.C. § 1983. *Estelle v. Gamble*, 429

U.S. 97, 105-07 (1976); *Jackson v. Cain*, 864 F.2d 1235, 1244 (5th Cir. 1989). In *Farmer v. Brennan*, 511 U.S. 825, 835 (1994), the Supreme Court noted that deliberate indifference involves more than just mere negligence. The Court concluded that "a prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; . . . the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. *See also Reeves v. Collins*, 27 F.3d 174, 175 (5th Cir. 1994).

If prison officials knowingly give an assignment to an inmate that they know may significantly aggravate a serious physical ailment, then such a decision would constitute deliberate indifference to serious medical needs. *Jackson v. Cain*, 864 F.2d at 1246. In *Jones v. Pittman*, 37 Fed. Appx. 91 (5th Cir. 2002), the Fifth Circuit noted that members of the unit classification committee were required to assess an inmate's abilities by relying on the prison medical staff's evaluation and that the plaintiff had not shown that such officials, while relying on prison policies and medical records, knew he faced a substantial risk of serious harm. The Court thus held that the plaintiff had not shown that they were deliberately indifferent. In the present case, the members of the U.C.C. who have been sued by the Plaintiff cannot be faulted for relying on the restrictions assigned to him by medical personnel, which did not include a restriction for ground floor housing only, in assigning him to a third row cell. The claims against the U.C.C. members fail to state a claim upon which relief may be granted and are frivolous in that they lack any basis in law and fact. Such claims should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

In *Sample v. Rodeen*, 90 Fed. Appx. 701 (5th Cir. 2004), the Fifth Circuit affirmed the dismissal of a prisoner civil rights lawsuit where the plaintiff fell coming down a flight of stairs after

being assigned to a second floor cell.  The Fifth Circuit rejected claims that a doctor was deliberately indifferent by removing a ground floor only restriction without conducting a physical examination.  The Fifth Circuit likewise rejected claims against the officers on duty at the time of the fall who allegedly disregarded a risk that he might fall and failed to assist him down the stairs.  The Fifth Circuit explained that the plaintiff had not shown subjective recklessness or that they were aware of facts from which the inference could be drawn that a substantial risk of serious harm existed and also drew the inference.  The present case differs, however, in that the Plaintiff's disability, the amputation of his right leg just below the knee, was visibly obvious.  Defendants Herod, Martinez and Dickens forced the Plaintiff to go up the flight of stairs to his new housing assignment or risk a disciplinary case.  They could plainly see that he faced a risk of falling down.  Consequently, the Plaintiff should be permitted to continue with his claims against them and an answer is necessary.

The final Defendant is Nurse Charles Johnson, who examined the Plaintiff after the fall.  Nurse Johnson had the Plaintiff transported to the infirmary on a stretcher.  He examined the Plaintiff and touched his lower back.  He concluded that the Plaintiff would be alright and had him taken back to his housing area by wheelchair.  The Plaintiff complained that Nurse Johnson did not document his examination.  Fourteen days later, the Plaintiff was examined by Dr. Thompson, who concluded that he had an acute back sprain with some signs of nerve irritation.

In *Domino v. Texas Department of Criminal Justice*, the Fifth Circuit discussed the high standard involved in showing deliberate indifference as follows:

> Deliberate indifference is an extremely high standard to meet.  It is indisputable that an incorrect diagnosis by medical personnel does not suffice to state a claim for deliberate indifference. *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).  Rather, the plaintiff must show that the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton

> disregard for any serious medical needs." *Id.* Furthermore the decision whether to provide additional treatment "is a classic example of a matter for medical judgment." *Estelle*, 429 U.S. at 107. And, the "failure to alleviate a significant risk that [the official] should have perceived, but did not" is insufficient to show deliberate indifference. *Farmer*, 511 U.S. at 838.

239 F.3d 752, 756 (5th Cir. 2001). Allegations of inadequate medical treatment, standing alone, does not amount to a violation of federal rights. *See Estelle v. Gamble*, 429 U.S. at 107; *Jackson v. Cain*, 864 F.2d at 1244. The Plaintiff does not have a basis for a lawsuit because he believes that Nurse Johnson should have done more.

The crux of the Plaintiff's claims against Nurse Johnson are apparent in comparing his actions to the actions of Dr. Thompson two weeks later. An argument can be made that Nurse Johnson should have provided the Plaintiff with Ibuprofen and referred him to a doctor and that the medical care that was provided by Dr. Thompson was delayed two weeks by Nurse Johnson's actions. The Fifth Circuit has held that a "delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference, which results in substantial harm." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). In the present case, the facts attributed to Nurse Johnson do not rise to the level of deliberate indifference. He was attentive to the Plaintiff. He did not ignore the Plaintiff's needs. He did not refuse to treat the Plaintiff. There are no facts supporting an inference that he intentionally treated the Plaintiff incorrectly. Moreover, there is no indication that the Plaintiff was substantially harmed due to a delay that was the product of deliberate indifference. The claims against Nurse Johnson fail to state a claim upon which relief may be granted and are frivolous in that they lack any basis in law and fact. The claims against Nurse Johnson should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1). It is accordingly

**ORDERED** that the Plaintiff may proceed with his deliberate indifference claims against Captain Nemier Herod, Officer Felipe Martinez and Officer Sherry Dickens.  It is further

**ORDERED** that the Plaintiff's remaining claims are **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

**So ORDERED and SIGNED this 7th day of November, 2007.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE